IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TRACY GLASSCOCK, #1163035 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv277 |
| DIRECTOR, TDCJ-CID | § | |

<u>ORDER OF DISMISSAL</u>

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be dismissed as time-barred. The Petitioner has filed objections.

The Report and Recommendation of the Magistrate Judge, which contain his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

The Petitioner's objections raised the issue of equitable tolling. He argued that the law library at his unit was inadequate, and he complained that he was deprived of assistance of counsel. The Fifth Circuit discussed the basic principles of equitable tolling as follows:

> we recognize that the equitable tolling doctrine is to be applied only if the relevant facts present sufficiently "rare and exceptional circumstances" that would warrant application of the doctrine. We recently explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling.

*Ott v. Johnson,* 192 F.3d 510, 513-514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000). With these principles in mind, the Fifth Circuit has held that inadequacies in a prison law library do not provide a basis for equitable tolling. *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). Furthermore, a petitioner's *pro se* status is not a "rare and exceptional" circumstance warranting equitable tolling. *Id.* at 171. The Petitioner also argued that he was actually innocent, but the Fifth Circuit also held that a claim of actual innocence does not constitute a "rare and exceptional" circumstance warranting equitable tolling. *Id.* The objections raised by the Petitioner lack merit. Thus the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**SIGNED this 13th day of July, 2007.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE